UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **JOE HAND PROMOTIONS INC** | **CASE NO. 2:21-CV-01485** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **COOKIES LOUNGE L L C** | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM RULING

Before the court is a Motion for Default Judgment [doc. 11] filed by plaintiff Joe Hand Promotions, Inc. ("JHP") under Federal Rule of Civil Procedure 55. Defendants have made no appearance in this action and the motion is regarded as unopposed.

### I.
#### BACKGROUND

This suit arises from alleged violations of the Federal Communications Act, as amended, 47 U.S.C. §§ 553 and 605. JHP complains of the unauthorized receipt and exhibition of the copyright-protected UFC fight *Errol Spence, Jr. v. Mike Garcia* ("the event") on March 16, 2019, at Meek's Lounge and Bistro ("Meek's"), a commercial establishment in Lake Charles, Louisiana. It filed suit against Cookie's Lounge, LLC and principal Tomika Duhon-Bilbo, as owners of Meek's, in this court on June 1, 2021. Doc. 1. Summons were issued as to both defendants and executed on July 6, 2021, resulting in an answer due date of July 27, 2021. Docs. 4, 5. To date, neither party has made an appearance in this matter.

On November 2, 2021, JHP filed a motion for entry of default as to both defendants. Doc. 7. The motion was granted and a clerk's entry of default was made on the same date. Doc. 8. On December 27, 2022, the clerk issued a notice of intent to dismiss case for failure to prosecute. Doc. 10. JHP then filed the instant motion for default judgment on January 5, 2023, asking that the court consider the matter on the papers and award statutory penalties in the amounts of $4,400 and $5,400; attorney fees in the amount of $1,500; and costs in the amount of $402. Defendants have filed no response to the motion and their time for doing so has passed. Accordingly, the matter is regarded as unopposed.

## II.
## LAW & APPLICATION

### A. Law Governing Motion for Default Judgment

Under Federal Rule of Civil Procedure 55, the court has the authority, on motion of the plaintiff, to enter a default judgment against a defendant who makes no response to an action. Fed. R. Civ. P. 55(a)–(b). However, such a judgment is "a drastic remedy, not favored by the Federal Rules and resorted to by the courts only in extreme situations"— namely, "when the adversary process has been halted because of an essentially unresponsive party." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). The court considers a motion for default judgment by first asking (1) whether entry of a default judgment is appropriate under the circumstances and then (2) whether there is an adequate basis in the pleadings to support the judgment. *J&J Sports Prods., Inc. v. Morelia Mexican Restaurant*, 126 F.Supp.3d 806, 814 (N.D. Tex. 2015).

Under the first question, relevant factors include (1) whether there are material issues of fact; (2) whether there has been substantial prejudice; (3) whether the grounds for default have been clearly established; (4) whether the default was caused by excusable neglect or good faith mistake; (5) the harshness of the default judgment; and (6) whether the court would think itself obliged to set aside the default on a motion by defendant. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). Under the second, the court must assess the merits of plaintiff's claims and determine whether he has a case for relief. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

### B. Application

#### 1. Appropriateness of default judgment

Defendants have filed no responsive pleadings. Thus the grounds for default are clear. There is no dispute to the material facts asserted in the complaint. *Nishimatsu Constr.*, 515 F.2d at 1206 ("The defendant, by his default, admits the plaintiff's well pleaded allegations of fact.") The defendants' continued failure to respond has likewise brought a halt to the adversarial process for this case filed nearly two years ago, prejudicing plaintiff, and there is nothing in the record to show that the failure to respond amounts to a good faith mistake or excusable neglect. This failure to appear likewise mitigates the harshness of a default judgment. *J&J Sports Prods.*, 126 F.Supp.3d at 814. Finally, the court is not aware of any facts that would oblige it to set aside the default upon a defendant's appearance. Accordingly, all of the *Lindsey* factors favor the appropriateness of entering default judgment in this matter.

### 2. Whether there is a sufficient basis for judgment on the pleadings

The default results in the court deeming the well-pleaded allegations of the complaint as admitted. The court reviews these allegations under the standards set by Federal Rule of Civil Procedure 8 to determine whether they state a claim for relief. *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015). Accordingly, the pleadings must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). "Detailed factual allegations are not required, but the pleading must present more than an unadorned the-defendant-unlawfully-harmed-me accusation." *Id.* (internal quotations omitted; cleaned up).

JHP has alleged violations of 47 U.S.C. §§ 553 and 605. The former is violated by "intercept[ing] and receiv[ing] or assist[ing] in intercepting or receiving any communications service offered over a cable system" without authorization. 47 U.S.C. § 553(a)(1). A violation of the latter occurs when a person "intercept[s] any radio communication . . . or receive[s] or assist[s] in receiving any interstate or foreign communication by radio and uses such communication . . . for his own benefit or for the benefit of another not entitled thereto." 47 U.S.C. § 605(a). The unauthorized interception of cable or satellite transmissions violates both sections. *Entm't by J&J, Inc. v. Al-Waha Enters.*, 219 F.Supp.2d 769, 774 (S.D. Tex. 2002).

JHP's complaint includes allegations that defendants intercepted the event through unauthorized satellite transmission or unauthorized receipt over cable, and thereafter "unlawfully transmitted, divulged and published said communications, or assisted in unlawfully transmitting, divulging, and publishing said communications to patrons" at

-4-

Meek's. Doc. 1, ¶ 11. JHP further alleges that defendants exhibited the event to patrons at Meek's without authorization, thereby pirating the licensed event and infringing on JHP's exclusive rights "while avoiding proper authorization and payment to [JHP]." *Id.* at ¶¶ 11–12. Upon review of the allegations, the court finds that they are sufficient to state a claim under both sections 553 and 605 of the Communications Act. Accordingly, default judgment is appropriate and the only remaining issue for the court's consideration is the appropriate amount of damages.

### 3. Damages

Damages on a default judgment ordinarily may not be awarded "without a hearing or a demonstration by detailed affidavits establishing the necessary facts." *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). Where, however, the amount can be "determined with certainty by reference to the pleadings and supporting documents . . . the court need not jump through the hoop of an evidentiary hearing." *James v. Frame*, 6 F.3d 307, 310–11 (5th Cir. 1993). The district court has "wide latitude" in deciding whether to require an evidentiary hearing. *Id.* at 310. Here, JHP does not request a hearing, has moved only for statutory as opposed to actual damages, and has attached detailed affidavits to its motion from which the court may calculate damages. Accordingly, an evidentiary hearing to determine damages is unnecessary.

When a defendant is liable under both sections 553 and 605 of the Communications Act, the plaintiff may recover damages under only one section. *Kingvision Pay-Per-View Corp., LTD v. Wright*, 2006 WL 4756450 at *2 (M.D. Fla. 2006). JHP elects for damages pursuant to 47 U.S.C. § 605. Under 47 U.S.C. § 605, Plaintiff may recover statutory

damages of up to $10,000.00 for each violation. 47 U.S.C. § 605(e)(3)(C)(i)(II). Moreover, if the court finds that the violation of the Communications Act was committed "willfully and for purposes of direct or indirect commercial advantage or private financial gain," the court may award additional damages of up to $100,000.00. 47 U.S.C. § 605(e)(3)(C)(ii). Pursuant to 47 U.S.C. § 605(e)(3)(B)(iii), the court must also award full costs, including reasonable attorneys' fees.

JHP's complaint and affidavit establish that defendants, as owners of a commercial establishment, could have obtained the transmission legally by paying the appropriate fee. Instead, they obtained it illegally using specific wrongful acts to intercept the transmission, such as use of an unauthorized decoder, illegally altering its cable service, or moving an unauthorized decoder to the commercial establishment. Accordingly, the violations were committed willfully for the purpose of direct financial gain.

JHP prays for statutory damages in the amount of $4,400 for the violation, showing that the amount is equal to two times the licensing fee charged for the event. The court finds this amount adequately compensates JHP for its losses and upholds the statutory intent of deterrence. *Accord J & J Sports Prods., Inc. v. Thibodeaux*, 2018 WL 4292017, at *6 (W.D. La. Aug. 23, 2018), R&R adopted, 2018 WL 4291984 (W.D. La. Sept. 7, 2018)(awarding $12,000.00 in § 605(e)(3)(C)(i)(II) damages and $13,000.00 in § 605(e)(3)(C)(ii) damages where the legal licensing fee was $6,000.00). JHP further prays for enhanced penalties under § 605(e)(3)(C)(ii) in the amount of $5,400. The court likewise finds that this amount is appropriate to punish the willful violation. Finally, the court

determines that the attorney fees ($1,500) and costs ($402) requested by JHP are reasonable and recoverable under the statute.

"[D]irectors, members, and managers are held individually liable for the Communications Act violations under the theory of vicarious liability." *G&G Closed Circuit Events, LLC v. Alamo Card House, LLC*, 2021 WL 5810558, at *5 (W.D. Tex. December 7, 2021). A shareholder/officer has a direct financial interest, regardless of whether the venture was turning a profit. *Broad. Music, Inc. v. Hobi, Inc.*, 20 F.3d 1171 (5th Cir. 1994) (analyzing standard under Copyright Act). Because of defendant Tomika Duhon-Bilbo's position as principal and sole proprietor of the establishment and her direct financial interest in the activities giving rise to these violations, the court further finds that she should be held individually liable through this judgment.

### III.
#### CONCLUSION

For the reasons stated above, the Motion for Default Judgment [doc. 11] will be granted and damages as described above will be entered for plaintiff.

**THUS DONE AND SIGNED** in Chambers on the 10th day of February, 2023.

                **JAMES D. CAIN, JR.**
          **UNITED STATES DISTRICT JUDGE**